[No. 10929.    Department One.    May 1, 1913.]

LARS NILSSON, *Appellant*, v. O. W. McDOLE *et al.*,
*Respondents.*[1]

PARTNERSHIP — ESTABLISHMENT — EVIDENCE — DECLARATIONS—AD-
MISSIBILITY.    In an action against alleged partners, admissions made
by each of the defendants at different times that they were partners
are competent to be received against them.

SAME.    In an action against alleged partners, admissions of the
defendants that they were partners, made a year or two previous
to the time the cause of action arose, are admissible, since a partner-
ship proven to exist, is presumed to continue so long as the parties
continue to do the same business in the same locality and hold them-
selves out as partners.

Appeal from a judgment of the superior court for Colum-
bia county, Neill, J., entered September 2, 1912, upon a
verdict of a jury rendered in favor of one of the defendants,
in an action on contract.    Reversed.

*T. P. Gose* and *A. F. Appleton*, for appellant.

*F. A. Garrecht* and *Hardy E. Hamm*, for respondents.

MOUNT, J.—The plaintiff brought this action to recover
upon three separate bills for goods, wares and merchandise
alleged to have been sold to the defendants as a copartner-
ship.    Two of these bills were assigned to the plaintiff.    The
complaint alleged that the defendants were copartners in
the years 1910 and 1911, at the time the goods were so sold
to them.    It is also alleged that the goods so sold were of the
reasonable value of $590.42, no part of which has been paid.
The defendants answered separately.    O. W. McDole ad-
mitted the purchase of the goods upon his personal account
and denied the value as alleged.    He denied that A. S. McDole
was a partner, and alleged that the defendant A. S. McDole
was his son and worked for him for hire, and was to receive
as pay for such work one-fourth of the crop grown upon
certain lands.    The defendant A. S. McDole denied that

[1]Reported in 131 Pac. 1141.

he was a partner of his father, and denied all of the allegations of the complaint. He also alleged that he was working for hire for his father and was to receive as pay one-fourth of the crop upon certain lands. This new matter was denied by reply. The case was tried to the court and a jury. After all the evidence was introduced, the jury found a verdict against O. W. McDole, but in favor of the defendant A. S. McDole. A judgment was entered accordingly.

The appellant at the trial sought to show a copartnership relation existing between the defendants in 1908, prior to the time the goods were purchased, by showing that the respondent A. S. McDole at that time stated to a witness by the name of Blue that he and his father, O. W. McDole, were partners. This statement was not made in the presence of his father, O. W. McDole. That about the same time, but not in the presence of A. S. McDole, O. W. McDole told the witness that he and his son, A. S. McDole, were in partnership in the farming business. That afterwards in the year 1909, the same witness had another conversation with A. S. McDole, in which said McDole told him that he and his father were partners. This evidence was objected to and excluded by the court upon the ground that the declarations of one partner not in the presence of the other were not admissible to prove a partnership against the other partner; and upon the further ground that the conversation occurred a year, in one instance, and two years in the other, prior to the time the goods were purchased. We are of the opinion that this ruling of the trial court was error. The general rule is as stated in *Akers v. Lord,* 67 Wash. 179, 121 Pac. 51:

"There is some claim in appellants' brief that Bernard Krakenberger was a partner of Wright. There is no evidence in the record upon which such an assumption can be based. The only evidence is admissions of Wright, to various dealers with whom he sought credit, that Krakenberger

was interested with him. Such declarations or admissions by Wright were not competent nor admissible as against Krakenberger. When a partnership is admitted or established, the declarations of one partner will to a large extent bind the other partners, but where the issue is the establishment of a partnership between two men, the relation cannot be established against one by the admission of the other."

This is the rule. But where each of the parties makes statements at different times as to their relationship, the same may be received for the purpose of binding the one who made the statement, not for the purpose of binding the other. It is urged by the respondent that O. W. McDole admitted full liability in his answer and no evidence was necessary to bind him. It is true that he had assumed the sole liability by his answer to the effect that he had purchased the goods, but he had denied the copartnership relation and liability as alleged in the complaint. His statements, if made, that he sustained the relation of partner to his son were some evidence against him of the fact that such relationship existed; and similar statements, if made, by the son to the same or another party would be some evidence against the son. These admissions, if made, by each of the parties, at different times to different persons, were competent to be received against the respondents and to go to the jury.

"It is sometimes said that the admission of one is not evidence against the others, by which is meant that where the plaintiff fails in his proof against any one member of the alleged firm, he cannot recover, however strong and overwhelming may be the evidence arising from the admissions or conduct of the other defendants who are sued; for in order to sustain his case he must connect each and every one by their own admissions or acknowledgments. But to effect this the plaintiff has a right to prove one thing at a time, to add fact to fact from which the jury, who must judge from the whole case, may infer the existence of the partnership." *Welsh v. Speakman*, 8 Watts & S. (Pa.) 257.

We think this rule is applicable in this case. The objection that these statements were made in 1908 and 1909, a

year or two previous to the time when these goods were sold, is not sufficient to exclude the evidence, because where a partnership is proven to exist at one time, it is presumed to continue so long as the parties do the same business in the same way and in the same general locality, and hold themselves out as partners and are dealt with as such. The burden is cast upon such parties to overcome this presumption by showing that the partnership has been dissolved or discontinued, or that creditors did not deal with them as copartners. *Alaska Banking & Safe Deposit Co. v. Simmons,* 67 Wash. 673, 122 Pac. 319.

We think the evidence offered should have been permitted to go to the jury, so that the jury might determine from all the facts and surroundings whether or not the defendants were partners at the time these goods were purchased, and whether credit was given to the copartnership as such.

Other errors are assigned in the brief, but are not discussed. The appeal is based upon the rejection of this evidence.

Reversed, and remanded for a new trial.

Crow, C. J., Parker, Ellis, and Chadwick, JJ., concur.